UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                    :

J.S.P.A, a minor, by through his next friend and :
attorney, Jocabed Rosario,                   :
                                      :

                        Petitioner,   :              26-CV-5903 (VSB)
                                        :

              -against-          :              **ORDER**
                                        :

ROBERT F. KENNEDY, JR., *et al.*,     :
                                        :

                       Respondents.  :
                                        :
------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

On August 5, 2026, I heard oral argument from the parties regarding Petitioner's habeas petition. I am also in receipt of Petitioner's August 10, 2026 letter, (Doc. 13), and the Government's August 10, 2026 letter, (Doc. 14), providing supplemental information on Petitioner's case and detention. Here, 16-year-old Petitioner has been detained by the Office of Refugee Resettlement ("ORR") for approximately 15 months without a hearing concerning his detention. I find that Petitioner's release is more than amply supported by the record before me. *See, e.g.*, *Maldonado v. Lloyd*, No. 18-CV-3089, 2018 WL 2089348, at *6–10 (S.D.N.Y. May 4, 2018) (finding that minor petitioner's "continued detention and separation from his mother violates his right to procedural due process" after 11 months in ORR detention without proper process); *Beltran v. Cardall*, 222 F. Supp. 3d 476, 486–89 (E.D. Va. 2016) (granting habeas petition and releasing minor child to parent's custody after almost three years of ORR detention, because ORR's decision to not release petitioner to parent's custody was done "without any form of hearing," depriving them of "a meaningful opportunity to present [the] case"); *E.F.E.L. v. Noem*, No. 26-CV-02507, 2026 WL 1045550, at *5 (N.D. Ill. Apr. 17, 2026) ("The U.S.

government separated a child from his family and has kept him hundreds of miles away from his brother for over four months.  He was arrested without reason and without being afforded due process, despite ORR's determination, after thorough vetting, that his brother was a suitable sponsor.  He is alone and needlessly suffering physically and mentally with no legal justification. His continued detention is indefensible."); *Santos v. Smith*, 260 F. Supp. 3d 598, 603, 609–16 (W.D. Va. 2017) (finding procedural due process violation where child and mother were separated for twenty-nine months due to ORR's delay and denial of mother's sponsorship application, despite ORR's contention that minor "pose[d] a risk to others"); *J.E.C.M. by & through Saravia v. Marcos*, 689 F. Supp. 3d 180, 197 (E.D. Va. 2023) ("The deprivations of plaintiffs' interests can therefore occur not just when ORR makes a final determination denying a reunification application, but also before making a final decision if there are prolonged, unreasonable delays in releasing a minor.").  For reasons to be stated in a forthcoming opinion, Petitioner's petition for a writ of habeas corpus, (Doc. 1), is GRANTED.

Within 24 hours of entry of this order, the parties are to identify a time and place at which Petitioner's father can retrieve Petitioner from ORR custody.  Within 72 hours of entry of this order, ORR must effectuate Petitioner's return to the custody of his father.  Within 4 days of entry of this order, the parties are to file a joint status report indicating that Petitioner has been released into his father's custody.

SO ORDERED.

Dated:     August 11, 2026
           New York, New York

2

Vernon S. Broderick
United States District Judge